FILED

August 19 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

AF 08-0323

FIL_ED

AUG 1 9 2008

*Ed Smith*
**CLERK OF THE SUPREME COURT**
**STATE OF MONTANA**

IN RE RULES ON ARBITRATION OF FEE
DISPUTES

ORDER

The Trustees of the State Bar of Montana and the Fee Arbitration Committee have petitioned this Court, pursuant to Section VI, Montana Supreme Court Internal Operating Rules, to revise and amend the Rules on Arbitration of Fee Disputes. The Petition requests that the Court provide a time period for receipt of public comments and that the Petitioners be given the opportunity to respond to the comments prior to consideration of the proposed changes by the Court. Good cause appearing therefor,

IT IS HEREBY ORDERED that the Bar and any interested persons are hereby GRANTED 45 days hereafter, to and including October 3, 2008, in which to file comments, suggestions, or criticisms with the Clerk of this Court regarding the proposed revisions to the Rules on Arbitration of Fee Disputes. An original and seven copies of any such comments shall be filed with the Clerk of this Court.

IT IS FURTHER ORDERED that the State Bar of Montana shall publish the petition, proposed rule changes, and a copy of this Order in the *Montana Lawyer*. The posting shall indicate that copies of the proposed revisions and the petition are available for review and copying on the State Bar of Montana website http://www.montanabar.org/ and the Montana State Law Library website http://www.courts.mt.gov/library/. The Clerks of the District Courts of the State of Montana shall also post a copy of this Order for public review in their

1

offices.

IT IS FURTHER ORDERED that Petitioners shall have 30 days following the close of the public comment period in which to respond to any comments received. Copies of this Order will be sent to the State Bar of Montana, John C. Shulte, President and the Fee Arbitration Committee, Jim Lewis, Chair.

DATED this 19th day of August, 2008.

_____
Chief Justice

_____

_____

_____

_____
Justices

2

IN THE SUPREME COURT OF THE STATE F MONTANA

No. A F 0 8 - 0 3 2 3

IN RE THE PETITION AND
MEMORANDUM IN SUPPORT OF
PETITION FOR REVISION OF
RULES ON ARBITRATION OF
FEE DISPUTES

**FILED**

JUL 1 0 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

## PETITION

The Trustees of the State Bar of Montana and the Fee Arbitration

Committee ("Petitioners") respectfully petition this Court to revise and

amend the Rules on Arbitration of Fee Disputes. The proposed revised rules

and drafters' comments on the proposed changes are attached as Exhibit A

in the Appendix. A clean version of the proposed rules is attached as

Exhibit B in the Appendix. This petition is filed pursuant to the provisions

of Section VI, Montana Supreme Court Internal Operating Rules (2006).

## MEMORANDUM IN SUPPORT OF PETITION

### I.    INTRODUCTION

The first section of this Memorandum describes the background and

procedural history of the rule change process to date. The second section

discusses the general authority of this Court to amend these rules as part of

the Court's overall regulation of the legal profession. The third section

describes the history of the Rules on Arbitration of Fee Disputes. The fourth section is a summary of the major changes sought by this Petition.

## II. PROCEDURAL HISTORY LEADING TO REQUEST FOR RULE CHANGES

The current Rules on Arbitration of Fee Disputes were last amended by this Court in July 1998. Since that time the Fee Arbitration Committee of the State Bar of Montana has met to monitor the effectiveness of the Fee Arbitration process, propose new rules and revise existing rules. The proposed changes were recommended by the Fee Arbitration Committee in response to issues arising from the decade's arbitration proceedings, as well as changes needed for consistency in language and grammar.

The attached revisions were presented by the Fee Arbitration Committee to the State Bar Board of Trustees at their regular meeting on April 4, 2008. The State Bar Board of Trustees approved the revisions. The next step in the process is this petition to the Court for amendment approval.

## III. COURT'S AUTHORITY TO AMEND RULES

The Court has the exclusive authority to establish rules governing the arbitration of fee disputes. Article VII, Section 2(3) of the 1972 Montana Constitution gave the Supreme Court the authority to make rules governing the conduct of the members of the State Bar.

The Supreme Court and the State Bar of Montana have enjoyed a history of cooperation and innovation in the development and implementation of rules and programs that carry out the purposes of the organization. Those purposes are described in the Court's Order unifying the Bar:

> The purposes of the Unified Bar of Montana shall be to aid the courts in maintaining and improving the administration of justice; to foster and maintain on the part of those engaged in the practice of law high standards of integrity, learning, competence, public service, and conduct; to safeguard proper professional interests of members of the bar; to encourage the formation, maintenance and activities of local bar associations; to provide a forum for the discussion of and effective action concerning subjects pertaining to the practice of law, the science and jurisprudence and law reform and relations of the bar to the public; and to ensure that the responsibilities of the legal profession to the public are more effectively discharged.

In In re Petition of the State Bar of Montana for a Dues Increase, ¶ 20, 53 P.3d at 857 the Court stated "the State Bar of Montana must continue to address the Court's and the legal profession's responsibilities to the public through such programs as Lawyers Helping Lawyers, Lawyers Fund for Client Protection; and arbitration of fee disputes."

## IV. HISTORY OF THE RULES ON ARBITRATION OF FEE DISPUTES

The Fee Arbitration Committee is a Standing Committee of the State Bar of Montana. The committee is comprised of attorney, judicial and lay members from across the state. The objectives of the committee are to:

1. Review rules and recommend changes.
2. Encourage Bar support through participation in the program and as panel members.
3. Monitor program for continued improvement.

After the July 1998 amendments were adopted, the committee met to receive feedback on arbitrations conducted regarding fee disputes between clients and attorneys, and to propose changes to the rules as a result of that feedback. The committee met on the following dates: April 2, 2001; October 19, 2001; January 28, 2002; November 21, 2003; March 12, 2004; October 2, 2007 and January 2008. Proposed changes were submitted to the State Bar Board of Trustees on April 4, 2008 and were approved.

## V.  SUMMARY OF REQUESTED RULE CHANGES

Set forth below is a summary of the major changes sought by this Petition.

### Rule I - Purpose.

The committee unanimously agreed that this program should not be used to settle attorney/attorney fee disputes, but that arbitration is meant to settle disputes between <u>clients</u> and attorneys. Language was added to Rule 1.1 to clarify this distinction.

The committee recommended adding language to Rule 1.3(c) to preclude petitions being filed for fee disputes on matters that are currently in process with courts or administrative panels. There have been instances

PETITION AND MEMORANDUM IN SUPPORT OF THE REVISION OF THE          4
RULES ON FEE ARBITRATION

when a petition for fee arbitration was filed while the matter was in litigation, and where the fee issue was within a court's jurisdiction. The addition of Rule 1.3(c) prevents these petitions from being filed, deferring to the court's jurisdiction.

The committee proposed new Rule 1.5 which prevents an attorney from filing a lawsuit over fees after a client has initiated resolution through the fee arbitration process. There have been instances when an attorney filed a formal lawsuit after the client sought resolution through arbitration. The addition of Rule 1.5 ensures that clients may seek resolution of fee disputes by the less formal arbitration process before being subject to a full court proceeding.

**Rule III – Administrative Matters – Setting Up Panels.**

Changes to Rule 3.1 are proposed which allow either party to participate in a fee arbitration hearing by telephone conference call (at their own expense) if the physical location of the hearing is one hundred (100) or more miles away. Current rules provide for telephone conference calls only if both parties agree to the telephone conference. Additional changes to Rule 3.1 deal with appointments of fee arbitration panelists by the State Bar, keeping in mind the goal of seating panelists of attorneys and lay persons from throughout the state of Montana.

## Rule V – Initiation of Proceedings.

The committee recommended the addition of Rule 5.7 which outlines procedures for obtaining a binding arbitration decision. Both parties must agree to binding arbitration for it to take place. If binding arbitration is not selected, each party will have thirty (30) days from the date the decision is mailed to file suit before the decision will bind each party. The committee notes that there are many questions from participants on this point, and new Rule 5.7 should clarify the procedures on how to obtain binding arbitration.

## Rule VI – Selection of Arbitrators.

Rules 6.2 and 6.3 have been revised to clarify how each party may strike an arbitrator from the list provided by the State Bar. Currently under Rule 6.2, the State Bar mails each party a numbered list of names, addresses and occupations of seven (7) members of the panel who are eligible to arbitrate the dispute. The members on the panel are assigned consecutive numbers, alternating between attorney and lay members. The list also contains two (2) choices, "Hearing Requested" or "Hearing Waived".

Proposed Rule 6.2 deletes descriptions of how the list is formed. It still provides for a numbered list of eligible arbitrators to be mailed to each party from the State Bar, and retains the two (2) choices of "Hearing Requested" and "Hearing Waived".

Current Rule 6.3 mandated that within 10 (ten) days of receipt of the list each party eliminate one attorney and one layperson, and return the document to the State Bar. The final panel would then be selected from the non-eliminated members on the list, and be composed of the three (3) remaining panelists with the lowest assigned numbers, guaranteeing one attorney and one lay member on the panel.

Proposed Rule 6.3 would allow the parties to eliminate a list member, but does not mandate the elimination of any names. It also outlines procedures for eliminating more than two (2) persons from the list.

Proposed changes to Rule 6.6 detail how alternate arbitrators will be selected in the event a panelist is struck from the list.

Rule 6.7 is deleted for redundancy.

**Rule VII – Arbitration Hearing.**

Proposed changes within Rule 7 clarify procedural issues regularly confronted by the arbiters. Proposed Rule 7.2 identifies venue, allows participation by phone and extends the notice of hearing date to be issued twenty (20) days before the date of hearing, rather than the current ten (10) days.

Proposed new Rule 7.3 requires the parties to distribute documents and witness lists no less than ten (10) days before the date of hearing. It also

provides that documents not timely submitted shall be excluded absent a showing of good cause as determined by the Chair.

### Rule VIII – Arbitration Decision.

Existing Rule 8.1 addresses the timeframes in which decisions will be rendered, how outcomes will be relayed to the parties and procedures to be followed in the event the arbitration panel is unable to reach a decision.

Proposed Rule 8.1 incorporates the entire text of Montana Rule of Professional Conduct 1.5 on fees, providing the relevant factors to the arbitrator's determination.

### Rule IX – Confidentially and Immunity.

The committee recommends that Rule 9.1 be revised to permit coordination of efforts with Montana Supreme Court's Office of Disciplinary Counsel, to prevent unnecessary duplication of efforts. The Rule remains unchanged in asserting that arbitrations are confidential and closed to the public unless ordered otherwise by a Court or another authority with the appropriate jurisdiction.

## VI. CONCLUSION

The petitioners believe that amendments to the rules are necessary to make the rules clearer and more useful to both clients and attorneys. The Board of Trustees of the State Bar of Montana and the Fee

Arbitration Committee request the Court adopt the proposed changes to the Rules on Arbitration of Fee Disputes.

Petitioners request that the Court provide a period of comment before taking action on this petition. We request that the Court direct publication of this petition and the proposed rule changes in *The Montana Lawyer* and on the State Bar's website and solicit comments and a response from the Bar membership and public before considering the request for amendment. Petitioners request that they be given the opportunity to respond to the comments from the public and the bar. After the comment period has passed, the Petitioners request that the Court adopt the proposed changes to the Rules on Arbitration of Fee Disputes.

Respectfully submitted this ___30th___ day of June, 2008.

STATE BAR OF MONTANA        FEE ARBITRATION COMMITTEE

By: _____   By: _____
   John C. Schulte, President       Jim Lewis, Chair

EXHIBIT "A"

**STATE BAR OF MONTANA**

## RULES ON ARBITRATION OF FEE DISPUTES
~~Effective July 29, 1998~~

*PROPOSED REVISIONS – 2004-2008  (Draft-1/25/08)*
*Approved by Board of Trustees – April 4, 2008*

## I.   PURPOSE

1.1    It is the policy of the Supreme Court of Montana to encourage the informal resolution of fee disputes between attorneys who practice law in Montana and their clients.  In the event such informal resolution cannot be achieved, the Supreme Court of Montana hereby establishes through adoption of these rules, a program and procedures for the arbitration of disputes concerning any and all fees and/or costs paid, charged, or claimed for professional services by attorneys.  These rules do not apply to disputes between attorneys with respect to sharing of fees.

*Comment: The subcommittee unanimously agreed that this program should not be used to settle attorney/attorney fee disputes, as in fee-splitting cases.*

1.2    In lieu of these remedies for arbitration of fee disputes, the parties may wish to pursue binding arbitration under the provisions of the Uniform Arbitration Act, Sections 27-5-111 through 27-5-324, MCA.  To do so, the parties must enter into a binding arbitration agreement as required under applicable state or federal law.

1.3    The following disputes are exempt from the operation of these rules:

(a) disputes which are subject to a valid arbitration agreement under applicable state or federal law; and

(b) disputes which are the subject of litigation filed prior to actual receipt of the Petition by the State Bar of Montana.  An attorney's lien shall not exempt the dispute from these rules.  ~~is never considered "litigation" under these rules.~~

(c) disputes regarding fees pending or determined by a court or administrative panel, including but not limited to bankruptcy, worker's compensation and probate cases.

*Comment: We have processed Petitions only to learn from the attorney the matter is in bankruptcy, a worker's compensation or probate case, wherein the fees will be or have already been reviewed and approved by a court.  A court of law has jurisdiction over these cases. The goal of adding (c) is to  preclude those cases from being filed in the first place.*

1.4    Nothing in these rules is intended to interfere with or supersede the powers and authority of the Commission on Practice or applicable statutes of limitation.

1.5   Once a Petition for Arbitration is filed with the State Bar, a lawsuit cannot be prosecuted by any party, until this process has been completed by the issuance of a written decision, dismissal or withdrawal.

*Comment: The intent of the 1998 revision was to preclude an attorney from being able to file a lawsuit after a client filed a Petition. While that was the intent, no where in the rules was that clearly stated.. Consequently, we have attorneys who "ignore" the filing of the Petition for Arbitration by filing suit for collection of the fees. In some of those cases, both processes have proceeded simultaneously. In one instance the Court dismissed the court action citing these Rules. Adding 1.5 allows the petitioner to go through this process first, with the goal of less formal resolution, without having to go to court.*

## II.   DEFINITIONS

"~~Lawyer~~" "Attorney" means a person admitted to the practice of law in Montana, or any other person who appears, participates or otherwise engages in the practice of law in Montana, regardless of the status of his or her license.  In these rules, the term "Attorney" includes an attorney's assignee.

*Comment: These proposed rules  consistently replace "lawyer" with "attorney".*

"Board" means the three (3) persons chosen from a judicial district panel or statewide panel to act as arbitrators in a particular dispute and will consist of at least one attorney and one lay member.

"Client" means a person or entity who directly or through an authorized representative consults, retains or secures legal service or advice from an attorney in the attorney's professional capacity

"Panel" means ~~twelve  (12)  to  twenty  (20)~~ the entire list of attorneys and lay persons who make up the fee arbitration "panel" for each judicial district.

"Statewide Panel" means all attorneys and lay persons currently serving on each judicial district panel who have actually acted as an arbitrator under these rules or the preceding "Rules on Voluntary Arbitration of Fee Disputes".

## III.   ADMINISTRATIVE MATTERS - SETTING UP PANELS

3.1   The State Bar shall administer this program through its Executive Director.  The State Bar will appoint ~~not less than twelve (12) nor more than twenty (20)~~ members to the arbitration panel in ~~each~~ various judicial district<u>s</u>, composed ~~of an equal number~~ of attorneys and lay persons who reside in the district.  The State Bar may seek the advice and recommendation of the local bar president in making the appointments.  The initial term of appointment shall be three (3) years and such appointment may be renewed for a successive term or terms.  In cases where there are an insufficient number of attorneys and/or lay persons for a panel, the matter will be reviewed by a panel in a judicial district chosen by the State Bar, based on availability of panelists.  In such cases,

2

either party may participate by telephone conference call at their own expense if requested if the location of the hearing requires them to travel 100 miles or more.

*Comment: We have some districts where no panel exists. We have been referring those cases to the closest district we have available, but in some cases this means a party may have to travel a great distance for the hearing. We don't have the resources to pay the arbitrators to travel and since they are already donating their time, we don't feel we should require them to travel as well. Current rules only allow telephone participation if BOTH parties agree.*

3.2   The term of any panel member which ends for any reason while an arbitration is pending before an arbitration board of which he or she is a member shall be extended until such arbitration is concluded, but such extension shall not interfere with the State Bar's power to appoint a successor to the judicial district panel.

3.3   The panel members in each judicial district shall be appointed from as broad a spectrum of the practicing Bar and general public as possible.

3.4   Each person appointed to a panel as provided in 3.1 shall also be a member of the statewide fee arbitration panel once that person has actually served as an arbitrator on a local board.  Such statewide appointment shall be for the duration of their term on the local panel. Members of the statewide panel may be called upon in the event panelists are not available in a certain judicial district.

## IV.   AMOUNTS IN DISPUTE WHICH MAY BE ARBITRATED UNDER THESE RULES

Any "disputed amount" *(delete quotes)* of $500.00 or more may be arbitrated. The "disputed amount" *(delete quotes)* may include fees and costs paid, charged, or claimed for professional services by attorneys. If only a portion of a fee and/or costs is disputed, that portion must be at least $500.00.

## V.   INITIATION OF PROCEEDINGS

5.1   The forms required to initiate arbitration may be obtained from the State Bar of Montana, P.O. Box 577, Helena, MT 59624, (406) 442-7660, or from the Bar's website: www.montanabar.org.  The petitioner shall file an original and one copy of complete the Petition and supporting documents and sign two (2) Arbitration Agreements and file those documents with the State Bar.  All documents may be filed electronically, by fax (406)442-7763, or by U.S. Postal Service.

5.2   Upon receipt of the duly executed documents from Petitioner, the State Bar shall promptly forward, by certified mail, a copy of the Petition and an original and one copy of the Arbitration Agreement to the opposing party(ies) named in the Petition.

5.3   Upon receipt of a copy of the signed Petition and Arbitration Agreement, the Respondent has the following Oeptions:

3

(a)   participate in ~~the arbitration and agree to~~ binding arbitration ~~at the outset (Rule 8.4)~~;

(b)   participate ~~without agreeing to~~ in non-binding arbitration ~~at the outset~~,

or

(c)   not participate in the arbitration.

5.4   If ~~O~~options (a) or (b) ~~are~~ is chosen, the Respondent shall sign the Arbitration Agreement and return it to the State Bar within twenty (20) days of receipt thereof.

5.5   If the Respondent is the attorney and ~~he/she~~ chooses ~~O~~option (c) ~~and~~ or fails to return the signed agreement within the time specified above, the client will be notified that arbitration will take place without the attorney's participation.  If the attorney chooses not to participate, ~~he/she~~ the attorney will be sent a copy of the written arbitration decision when it is rendered.  The decision will become binding unless action is taken by either party pursuant to Rule 8.4 herein.

*Comment:   Grammatical revisions and clarification that an attorney who either chooses Option (c) or does not return the signed agreement is barred from participating in the process.*

5.6   If the Respondent is the client ~~who~~ and chooses ~~O~~option (c), or the client fails to return the signed agreement within the time specified above, the State Bar will notify the attorney of client's choice not to participate and the matter will be deemed closed for purposes of arbitration, pursuant to these Rules.

*Comment:  Grammatical and to make it consistent with 5.5.*

5.7   Both parties must sign under Option (a) in order for binding arbitration to take place.  If one party signs under Option (a) and the other signs under Option (b), the arbitration will be nonbinding.  Either party will have thirty (30) days from the date of mailing the decision to the parties to file suit if they wish to do so, before the arbitration decision under Rule 8 becomes binding.

*Comment:  Clarification for clients as we get questions about this all the time.*

5.~~7~~8   No party may withdraw from these arbitration proceedings without written consent of the opposing party once the Arbitration Agreement has been signed by both parties and returned to the State Bar.

## VI.   ~~RECORDS AND~~ SELECTION OF ARBITRATORS

6.1   The panel having jurisdiction over a dispute shall be the panel appointed for ~~any~~ the judicial district in which the attorney to the dispute maintains his or her primary ~~a~~ law office, unless:

(a)   the parties agree that the matter should be referred to a statewide panel

or,

4

(b)    the State Bar determines there are an insufficient number of qualified arbitrators available in the appropriate judicial district, in which case the State Bar may appoint such additional arbitrators as may be required from an adjacent judicial district or from the statewide panel, or

(c)    the attorney does not maintain an office in Montana, in which case, the jurisdiction shall be the one in which the Client resides or has its primary office, or

(d)    if none of the above apply, the State Bar will determine which jurisdiction(s) the arbitrators will come from, taking into account availability of arbitrators and other considerations.

6.2    The State Bar shall mail to each party a numbered list of ~~names, addresses and occupations of seven members of the panel~~ eligible arbitrators. ~~to arbitrate the dispute. The names making up the list shall be determined by the State Bar in the following manner: when appointed, each of the panel members shall be assigned a consecutive number, with the attorney and lay members having alternate numbers. The initial list submitted to the parties shall consist of those panel members having the lowest numbers, commencing with the number one. Succeeding lists shall be selected, commencing with the next higher number, and continuing in rotation.~~ The list will also contain two choices: "Hearing Requested" or "Hearing Waived" (see paragraphs 7.1 and 7.2).

6.3    Each party ~~shall, within ten (10) days of receipt of the list, cross off the names of~~ may eliminate one attorney and one lay person ~~to be eliminated~~ from the list and may request a hearing. Eliminations and requests for a hearing must be made in writing and filed with the State Bar electronically, by fax or by regular mail, within ten (10) days of receipt of the list. ~~Each party will also check the appropriate selection regarding a hearing and return that document to the State Bar.~~ If either party wishes to eliminate more than two (2) persons from the list, they must send a written request within ten (10) days of receipt of the list, stating the reasons for the request. The State Bar will rule on such request. No party may disqualify ~~by affidavit~~ more than three (3) ~~board members~~ arbitrators in any single dispute. *(Last sentence was moved from 6.5 with minor changes)* The arbitration Board shall consist of the remaining three members having the lowest assigned numbers. Notice of the names of the Board members thus selected shall be given by the State Bar to the parties and to the selected arbitrators.

*Comment: The last proposed revision deleted a "numbered" list. However, I believe this makes it easier to determine which people serve and lets the parties know that we aren't just "randomly" choosing people as was suggested in the last revision.*

6.4    The State Bar will appoint a Chair.

6.5    A Board member may decline to act as an arbitrator in a particular dispute for good cause shown. ~~A board member may also be disqualified by any party to the arbitration if that party files an affidavit stating the reasons the party believes the board member cannot sit in review of the matter with impartiality. The affidavit must be filed with the State Bar within fifteen (15) days of receipt by the parties of the names of the board members selected. No party may disqualify by affidavit more than three (3)~~

5

~~board members in any single dispute.~~ *(Last sentence moved to 6.3, with minor changes.)*

6.6   If a disqualified ~~board member~~ arbitrator is an attorney, the ~~replacement member~~ alternate arbitrator shall be the attorney on the list sent to the parties with the next lowest number.   If the ~~member~~ arbitrator disqualified is a lay person, the ~~replacement~~ alternate shall be the lay person on the list sent to the parties with the next lowest number.   The State Bar shall immediately advise the parties of the name of the ~~board member~~ alternate arbitrator to replace the disqualified ~~member~~ arbitrator.   If there are no ~~replacement~~ alternates ~~is~~ available from the initial list of proposed arbitrators submitted to the parties, the State Bar will submit a new numbered list of three (3) names of either all attorneys or all lay persons, whichever is to be replaced. Within ten (10) days of receipt of the list, each party will cross off the name of one person and return the list to the State Bar.   The ~~replacement member~~ alternate will be the person remaining on the list with the lowest number.

*Comment:  In an effort to cut down on conflicts, it has been suggested we send the ENTIRE list of possible arbitrators to the parties at the outset.  This gives a broader pool to pick from, hopefully reducing the need to pick more names later, if the first list doesn't work out.  All disqualifications must be made at the outset, giving the parties up to three challenges.  Current rule allows parties to challenge after the initial board is chosen, creating inefficiencies and time delays.*

~~6.7   The State Bar will accept the signed Petition and Arbitration Agreement, notice of challenges to the board, the final decision and all other documents and records received and prepared in the matter.~~

*Comment: 6.7 is redundant. These rules state throughout that documents are to be filed with the State Bar.  Some documents may be returned if not properly completed, but in most cases, they are processed and filed per the rules.*

## VII.  ARBITRATION HEARING

7.1   If both parties agree to waive a hearing, the arbitrators shall decide the dispute upon written statements of position, signed under oath or affirmation and notarized ~~or affirmed~~, along with any supporting documents submitted by each party, without personal attendance at an arbitration hearing.

7.2   If a hearing is requested by either party, it shall be held in the judicial district from which the board is chosen, within ninety (90) days after the final arbitration Board has been selected, subject to postponement or continuance as provided in 7.4 5.  The Chair shall determine a convenient time and place for the hearing and cause written notice to be mailed to the parties and other ~~board members~~ arbitrators not less than twenty (20) ~~ten (10)~~ days before the hearing.  Appearance by a party at a scheduled hearing shall constitute waiver by said party of any deficiency with respect to the notice of hearing.  Either party or an arbitrator may appear by telephone, for good cause shown, at the discretion of the State Bar.

7.3 The parties shall submit copies of additional documents to be reviewed, along with a list of witnesses, to each arbitrator, and to the opposing party no less than ten (10) days before the date of the hearing. Documents not timely submitted shall be excluded absent a showing of good cause as determined by the Chair.

*Comment: New 7.3 will give arbitrators time to review the documents before the hearing, rather than having documents submitted at the time of the hearing. It also relieves State Bar staff of having to make four or more copies of documents that are sometimes hundreds of pages if filed with the Petition.*

7.3̶4 The Chair shall preside at the hearing. The chair shall be the judge of the relevance of the evidence offered and shall rule on questions of procedure. The chair shall exercise all powers relating to the conduct of the hearing, and conformity to Federal or Montana Rules of Evidence shall not be required.

7.4 5 The hearing may be postponed or continued from time to time by the chair.

7.5̶6 The parties to the arbitration are entitled to be heard, present evidence and cross-examine the other party or witnesses appearing at the hearing. Any party to an arbitration has the right to be represented by an attorney, at the party's own expense, during all stages of the arbitration.

7.6 7 The testimony of witnesses shall be given under oath or affirmation. The chair shall administer such oaths.

7.7̶ 8 If any party to an arbitration who has been duly notified fails to appear at the hearing, the Chair may either proceed with the hearing and determine the controversy upon the evidence produced or reschedule the hearing for a later date.

7.8 Either party may, at their expense, have the entire proceeding recorded by a court reporter or by mechanical means. In such event, the other party shall be entitled to a copy of the transcript or recording at their own expense.

## VIII. ARBITRATION DECISION

8.1 The arbitrators shall consider all relevant factors, including the Montana Rules of Professional Conduct (with particular attention to Rule 1.5) in determining whether the fees are justified:

> "Rule 1.5 – Fees
> (a) A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

7

(3)    the fee customarily charged in the locality for similar legal services;

(4)    the amount involved and the results obtained;

(5)    the time limitations imposed by the client or by the circumstances;"

(6)    the nature and length of the professional relationship with the client;

(7)    the experience, reputation and ability of the lawyer or lawyers performing the services; and

(8)    whether the fee is fixed or contingent.

(b)    The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing. This paragraph does not apply in any matter in which it is reasonably foreseeable that total cost to a client, including attorney fees, will be $500 or less.

(c)    A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d)    A lawyer shall not enter into an arrangement for, charge or collect:

(1)    any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of maintenance or support or property settlement in lieu thereof; or

(2)    a contingent fee for representing a defendant in a criminal case.

(e)    A division of a fee between lawyers who are not in the same firm may be made only if:

(1)    the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;

(2)    the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and

(3)    the total fee is reasonable.


8.2    ~~The~~ A written decision of the arbitrators shall be rendered ~~within twenty (20) days~~ after the matter has been submitted for decision. To enhance the efficiency of this process, the arbitrators shall attempt to issue their ruling within twenty (20) days of the hearing. The arbitration decision shall be made and signed by at least two (2) of the

8

arbitrators. It shall state the amount of fees and costs awarded, if any, the terms of payment, if applicable, and to whom any payment shall be made.

8.3   The Chair shall forward the decision to the State Bar of Montana, which shall mail a copy of the decision to each party to the arbitration.

8.4   If at least two (2) of the arbitrators cannot agree on a decision, the matter shall be submitted to a new arbitration board within thirty (30) days of the failure of at least two (2) of the arbitrators to agree.

8.5   ~~The parties may agree in advance, in writing, to be bound by the decision of the arbitration board by signing a statement to that effect in the Arbitration Agreement. In the alternative, t~~ The arbitration decision shall become binding ~~thirty (30) days from the date of the written decision, unless a party to the arbitration has, within~~ thirty (30) days from the date it is mailed to the parties, unless an action is filed ~~an action~~ in a court of law ~~to settle the dispute~~.

## IX.   CONFIDENTIALITY AND IMMUNITY

9.1   All records, documents, files, proceedings and hearings pertaining to the arbitration of any dispute under these rules shall be confidential, except as ordered by a Court or by a disciplinary authority with juridsdiction, or as necessary to enforce these Rules, and will be closed to the public.

9.2   Parties and witnesses shall have such immunity as is applicable in a civil action in the jurisdiction. Committee members, arbitrators, panels and staff shall be immune from suit for any conduct in the course and scope of their official duties.

## X.   ENFORCEMENT

If, within sixty 60 days of the mailing of the Board's decision by the State Bar to the parties, an attorney against whom an arbitration decision is rendered has not filed an action in accordance with Rule 8.5 and has failed to comply with the Board's decision, the Supreme Court shall issue an order to show cause why the attorney should not be suspended from the practice of law. If good cause is not shown, the Supreme Court shall suspend the attorney from the practice of law.

Nothing in this Rule allows parties who have ~~both~~ agreed to binding arbitration to bring an action in a court of law.

Upon compliance with the Board's decision, the attorney shall provide proof of compliance to the Supreme Court. The Supreme Court may then issue an order of reinstatement to the attorney.

## XI.   DECISION ENTERED AS AN ORDER OF COURT

If no action is filed in a court of law within thirty (30) days as referred to in 8.5 above, the arbitration decision may be entered and filed as an order of court pursuant to the Uniform Arbitration Act, MCA 27-5-301, et seq.

9

EXHIBIT "B"

## *RULES ON ARBITRATION OF FEE DISPUTES*
Effective_____

## I.    PURPOSE

1.1    It is the policy of the Supreme Court of Montana to encourage the informal resolution of fee disputes between attorneys who practice law in Montana and their clients.  In the event such informal resolution cannot be achieved, the Supreme Court of Montana hereby establishes through adoption of these rules, a program and procedures for the arbitration of disputes concerning any and all fees and/or costs paid, charged, or claimed for professional services by attorneys.  These rules do not apply to disputes between attorneys with respect to sharing of fees.

1.2    In lieu of these remedies for arbitration of fee disputes, the parties may wish to pursue binding arbitration under the provisions of the Uniform Arbitration Act, Sections 27-5-111 through 27-5-324, MCA.  To do so, the parties must enter into a binding arbitration agreement as required under applicable state or federal law.

1.3    The following disputes are exempt from the operation of these rules:

(a) disputes which are subject to a valid arbitration agreement under applicable state or federal law; and

(b) disputes which are the subject of litigation filed prior to actual receipt of the Petition by the State Bar of Montana.  An attorney's lien shall not exempt the dispute from these rules.

(c) disputes regarding fees established by law, a court or administrative panel, including but not limited to bankruptcy cases and worker's compensation cases.

1.4    Nothing in these rules is intended to interfere with or supersede the powers and authority of the Commission on Practice or applicable statutes of limitation.

1.5    Once a Petition for Arbitration is filed with the State Bar, a lawsuit cannot be commenced by any party, until this process has been completed by the issuance of a written decision, dismissal or withdrawal.

## II.    DEFINITIONS

"Attorney" means a person admitted to the practice of law in Montana, or any other person who appears, participates or otherwise engages in the practice of law in Montana, regardless of the status of his or her license.  In these rules, the term "Attorney" includes an attorney's assignee.

"Board" means the three (3) persons chosen from a judicial district panel or statewide panel to act as arbitrators in a particular dispute and will consist of at least one attorney and one lay member.

"Client" means a person or entity who directly or through an authorized representative consults, retains or secures legal service or advice from an attorney in the attorney's professional capacity

"Panel" means the entire list of attorneys and lay persons who make up the fee arbitration "panel" for each judicial district.

"Statewide Panel" means all attorneys and lay persons currently serving on each judicial district panel who have actually acted as an arbitrator under these rules or the preceding "Rules on Voluntary Arbitration of Fee Disputes".

## III. ADMINISTRATIVE MATTERS - SETTING UP PANELS

3.1   The State Bar shall administer this program through its Executive Director. The State Bar will appoint members to the arbitration panel in various judicial districts, composed of an equal number of attorneys and lay persons who reside in the district. The initial term of appointment shall be three (3) years and such appointment may be renewed for a successive term or terms. In cases where there are an insufficient number of attorneys and/or lay persons for a panel, the matter will be reviewed by a panel in a judicial district chosen by the State Bar, based on availability of panelists. In such cases, either party may participate by telephone conference call at their own expense if requested if the location of the hearing requires them to travel 100 miles or more.

3.2   The term of any board member which ends for any reason while an arbitration is pending shall be extended until such arbitration is concluded, but such extension shall not interfere with the State Bar's power to appoint a successor to the judicial district panel.

3.3   The panel members in each judicial district shall be appointed from as broad a spectrum of the practicing Bar and general public as possible.

3.4   Each person appointed to a panel as provided in 3.1 shall also be a member of the statewide fee arbitration panel once that person has actually served as an arbitrator on a local board. Such statewide appointment shall be for the duration of their term on the local panel. Members of the statewide panel may be called upon in the event panelists are not available in a certain judicial district.

## IV. AMOUNTS IN DISPUTE WHICH MAY BE ARBITRATED UNDER THESE RULES

Any disputed amount of $500.00 or more may be arbitrated. The disputed amount may include fees and costs paid, charged, or claimed for professional services by attorneys. If only a portion of a fee and/or costs is disputed, that portion must be at least $500.00.

## V.  INITIATION OF PROCEEDINGS

5.1  The forms required to initiate arbitration may be obtained from the State Bar of Montana, P.O. Box 577, Helena, MT 59624, (406) 442-7660, or from the Bar's website: www.montanabar.org.  The petitioner shall complete the Petition and sign two (2) Arbitration Agreements and file those documents with the State Bar.  All documents may be filed electronically, by fax (406)442-7763, or by U.S. Postal Service.  Supporting documents are not to be filed with the Petition, but will be required prior to any hearing or review.  However, the parties will bear the burden of copying and mailing supporting documents to the arbitrators and opposing party.

5.2  Upon receipt of the duly executed documents from Petitioner, the State Bar shall promptly forward, by certified mail, a copy of the Petition and an original and one copy of the Arbitration Agreement to the opposing party(ies) named in the Petition.

5.3  Upon receipt of a copy of the signed Petition and Arbitration Agreement, the Respondent has the following Options:

> (a)  participate in binding arbitration
> (b)  participate in non-binding arbitration, or
> (c)  not participate in the arbitration.

5.4  If Options (a) or (b) are chosen, the Respondent shall sign the Arbitration Agreement and return it to the State Bar within twenty (20) days of receipt thereof.

5.5  If the Respondent is the attorney and chooses Option (c) or fails to return the signed agreement within the time specified above, the client will be notified that arbitration will take place without the attorney's participation.  If the attorney chooses not to participate, the attorney will be sent a copy of the written arbitration decision when it is rendered.  The decision will become binding unless action is taken by either party pursuant to Rule 8.4 herein.

5.6  If the Respondent is the client and chooses Option (c), or the client fails to return the signed agreement within the time specified above, the State Bar will notify the attorney of client's choice not to participate and the matter will be deemed closed for purposes of arbitration, pursuant to these Rules.

5.7  Both parties must sign under Option (a) in order for binding arbitration to take place.  If one party signs under Option (a) and the other signs under Option (b), the arbitration will be nonbinding.,  Either party will have thirty (30) days from the date of mailing the decision to the parties to file suit if they wish to do so, before the arbitration decision under Rule 8 becomes binding.

5.8  No party may withdraw from these arbitration proceedings without written consent of the opposing party once the Arbitration Agreement has been signed by both parties and returned to the State Bar.

## VI. SELECTION OF ARBITRATORS

6.1   The panel having jurisdiction over a dispute shall be the panel appointed for the judicial district in which the attorney to the dispute maintains his or her primary law office, unless:

(a)   the parties agree that the matter should be referred to a statewide panel or,

(b)   the State Bar determines there are an insufficient number of qualified arbitrators available in the appropriate judicial district, in which case the State Bar may appoint such additional arbitrators as may be required from an adjacent judicial district or from the statewide panel, or

(c)   the attorney does not maintain an office in Montana, in which case, the jurisdiction shall be the one in which the Client resides or has its primary office, or

(d)   if none of the above apply, the State Bar will determine which jurisdiction(s) the arbitrators will come from, taking into account availability of arbitrators and other considerations.

6.2   The State Bar shall mail to each party a numbered list of eligible arbitrators. The list will also contain two choices: "Hearing Requested" or "Hearing Waived" (see paragraphs 7.1 and 7.2).

6.3   Each party may eliminate one attorney and one lay person from the list and may request a hearing. Eliminations and requests for a hearing must be made in writing and filed with the State Bar electronically, by fax or by regular mail, within ten (10) days of receipt of the list. If either party wishes to eliminate more than two (2) persons from the list, they must send a written request within ten (10) days of receipt of the list, stating the reasons for the request. The State Bar will rule on such request. No party may disqualify more than three (3) arbitrators in any single dispute. The arbitration Board shall consist of the remaining three members having the lowest assigned numbers. Notice of the names of the Board members thus selected shall be given by the State Bar to the parties and to the selected arbitrators.

6.4   The State Bar will appoint a Chair.

6.5   A Board member may decline to act as an arbitrator in a particular dispute for good cause shown.

6.6   If a disqualified arbitrator is an attorney, the alternate arbitrator shall be the attorney on the list sent to the parties with the next lowest number. If the arbitrator disqualified is a lay person, the alternate shall be the lay person on the list sent to the parties with the next lowest number. The State Bar shall immediately advise the parties of the name of the alternate arbitrator to replace the disqualified arbitrator. If there are no alternates available from the initial list of proposed arbitrators submitted to the parties, the State Bar will submit a new numbered list of three (3) names of either all attorneys or all lay persons, whichever is to be replaced. Within ten (10) days of receipt

4

of the list, each party will cross off the name of one person and return the list to the State Bar. The alternate_will be the person remaining on the list with the lowest number.

## VII. ARBITRATION HEARING

7.1 If both parties agree to waive a hearing, the arbitrators shall decide the dispute upon written statements of position, signed under oath or affirmation and notarized, along with any supporting documents submitted by each party, without personal attendance at an arbitration hearing.

7.2 If a hearing is requested by either party, it shall be held in the judicial district from which the board is chosen, within ninety (90) days after the final arbitration Board has been selected, subject to postponement or continuance as provided in 7.4 5. The Chair shall determine a convenient time and place for the hearing and cause written notice to be mailed to the parties and other arbitrators not less than twenty (20) days before the hearing. Appearance by a party at a scheduled hearing shall constitute waiver by said party of any deficiency with respect to the notice of hearing. Either party or an arbitrator may appear by telephone, for good cause shown, at the discretion of the State Bar.

7.3 The parties shall submit copies of all documents to be reviewed, along with a list of witnesses, to each arbitrator, and to the opposing party no less than ten (10) days before the date of the hearing. Documents not timely submitted shall be excluded absent a showing of good cause as determined by the Chair.

7.4 The Chair shall preside at the hearing. The chair shall be the judge of the relevance of the evidence offered and shall rule on questions of procedure. The chair shall exercise all powers relating to the conduct of the hearing, and conformity to Federal or Montana Rules of Evidence shall not be required.

7.5 The hearing may be postponed or continued from time to time by the chair.

7.6 The parties to the arbitration are entitled to be heard, present evidence and cross-examine the other party or_witnesses appearing at the hearing. Any party to an arbitration has the right to be represented by an attorney, at the party's own expense, during all stages of the arbitration.

7.7 The testimony of witnesses may be given under oath or affirmation. The chair shall administer such oaths.

7.8 If any party to an arbitration who has been duly notified fails to appear at the hearing, the Chair may either proceed with the hearing and determine the controversy upon the evidence produced or reschedule the hearing for a later date.

7.9 Either party may, at their expense, have the entire proceeding recorded by a court reporter or by mechanical means. In such event, the other party shall be entitled to a copy of the transcript or recording at their own expense.

## VIII. ARBITRATION DECISION

8.1    The arbitrators shall consider the following factors, taken from the Rules of Professional Conduct, in determining whether the fees are justified:

"Rule 1.5 – Fees

(a)    A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1)    the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;

(2)    the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)    the fee customarily charged in the locality for similar legal services;

(4)    the amount involved and the results obtained;

(5)    the time limitations imposed by the client or by the circumstances;"

(6)    the nature and length of the professional relationship with the client;

(7)    the experience, reputation and ability of the lawyer or lawyers performing the services; and

(8)    whether the fee is fixed or contingent.

(b)    The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing. This paragraph does not apply in any matter in which it is reasonably foreseeable that total cost to a client, including attorney fees, will be $500 or less.

(c)    A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d)    A lawyer shall not enter into an arrangement for, charge or collect:

(1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of maintenance or support or property settlement in lieu thereof; or

(2) a contingent fee for representing a defendant in a criminal case.

(e) A division of a fee between lawyers who are not in the same firm may be made only if:

(1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;

(2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and

(3) the total fee is reasonable.

8.2 A written decision of the arbitrators shall be rendered after the matter has been submitted for decision. To enhance the efficiency of this process, the arbitrators shall attempt to issue their ruling within twenty (20) days of the hearing. The arbitration decision shall be made and signed by at least two (2) of the arbitrators. It shall state the amount of fees and costs awarded, if any, the terms of payment, if applicable, and to whom any payment shall be made.

8.3 The Chair shall forward the decision to the State Bar of Montana, which shall mail a copy of the decision to each party to the arbitration.

8.4 If at least two (2) of the arbitrators cannot agree on a decision, the matter shall be submitted to a new arbitration board within thirty (30) days of the failure of at least two (2) of the arbitrators to agree.

8.5 The parties may agree to be bound by the decision of the arbitration board by signing under Rule 5.3, Option (a) in the Arbitration Agreement. Absent an Arbitration Agreement signed by both parties, the arbitration decision shall become binding thirty (30) days from the date it is mailed to the parties, unless an action is filed in a court of law to settle the dispute.

## IX. CONFIDENTIALITY AND IMMUNITY

9.1 All records, documents, files, proceedings and hearings pertaining to the arbitration of any dispute under these rules shall be confidential, except as necessary to enforce these Rules, or coordinate efforts with the Montana Supreme Court's Office of Disciplinary Counsel, and will be closed to the public.

9.2 Parties and witnesses shall have such immunity as is applicable in a civil action in the jurisdiction. Committee members, arbitrators, panels and staff shall be immune from suit for any conduct in the course and scope of their official duties.

## X. ENFORCEMENT

If, within sixty 60 days of the mailing of the Board's decision, an attorney against whom an arbitration decision is rendered has not filed an action in accordance with Rule 8.5 and has failed to comply with the Board's decision, the Supreme Court shall issue an order to show cause why the attorney should not be suspended from the

7

practice of law.  If good cause is not shown, the Supreme Court shall suspend the attorney from the practice of law.

Nothing in this Rule allows parties who have agreed to binding arbitration to bring an action in a court of law.

Upon compliance with the Board's decision, the attorney shall provide proof of compliance to the Supreme Court.  The Supreme Court may then issue an order of reinstatement to the attorney.

## XI.  DECISION ENTERED AS AN ORDER OF COURT

If no action is filed in a court of law within thirty (30) days as referred to in 8.45 above, the arbitration decision may be entered and filed as an order of court pursuant to the Uniform Arbitration Act, MCA 27-5-311, (1993).